UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL J. ALLEN,

                                    Plaintiff,

            v.                                                    9:16-CV-0047
                                                                 (GTS/ATB)

H. GRAHAM, et al.,

                                    Defendants.

_____

APPEARANCES:

MICHAEL J. ALLEN
91-A-4771
Plaintiff, pro se
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

        Plaintiff Michael J. Allen commenced this action by submitting a pro se complaint

pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis.  Dkt.

No. 1 ("Compl."); Dkt. No. 2 ("IFP Application").  By Decision and Order filed on April 12,

2016, this Court granted plaintiff's IFP Application and construed plaintiff's complaint to

allege, among other claims, that defendants Lt. Vasite, Graham, and Venettozzi denied him

due process in connection with a disciplinary hearing held on December 9, 2014, and appeals

therefrom, in violation of his rights under the Fourteenth Amendment to the United States

Constitution.  Dkt. No. 6 (the "April 2016 Order") at 19-21.  However, the Court noted that

plaintiff's due process claims implicated the validity of his disciplinary conviction and

sentence, because he had alleged that he "was subjected to 'mixed sanctions' affecting both the duration (recommended good time loss) and the conditions of his confinement ([confinement in the Special Housing Unit])."  *Id.* at 35.  Since plaintiff had not demonstrated that the December 9, 2014 disciplinary disposition has been invalidated, he was advised that the "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), bars the due process claims arising from the December 9, 2014 disciplinary disposition unless plaintiff "abandon[s], not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding[s] he is attacking in [this] § 1983 suit."  April 2016 Order at 34 (quoting *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006)).[1]

Therefore, the April 2016 Order directed plaintiff to advise the Court in writing, within thirty (30) days of the filing date of that Order, whether he was willing to waive for all times all claims in this action relating to disciplinary sanctions affecting the duration of his confinement (i.e., the loss of good time) in order to proceed with his claims challenging the sanctions affecting the conditions of his confinement.  The Court advised plaintiff that the Court would deem his failure to file this statement (the "*Peralta* Waiver") within the required time to constitute his refusal to waive these claims, and such failure would result in the dismissal of this action without prejudice.

---

[1]  In *Peralta*, the Second Circuit ruled that *Heck*'s "favorable termination" rule was not an absolute bar to a prisoner subject to "mixed sanctions," i.e., "sanctions that affect both (a) the duration of his imprisonment and (b) the conditions of his confinement . . . ." *Peralta*, 467 F.3d at 104.  The Second Circuit held that "a prisoner subject to such mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but . . . he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement.*" *Id.* (emphasis in original).

Currently before the plaintiff's *Peralta* Waiver.  Dkt. No. 7.  Plaintiff states that he "waive[s] all claims in my action relating to the disciplinary sanction affecting the duration of [his] confinement (The loss of good time)."  *Id.* at 1.  Based upon plaintiff's *Peralta* Waiver, the Court dismisses all claims set forth in the complaint relating to the loss of good time with prejudice, and directs service of the complaint with respect to the claims that survived sua sponte review, as qualified by plaintiff's *Peralta* Waiver.[2]

**WHEREFORE**, it is hereby

**ORDERED** that, pursuant to plaintiff's *Peralta* Waiver (Dkt. No. 7), all claims set forth in the complaint relating to plaintiff's loss of good time are **DISMISSED with prejudice**; and it is further

**ORDERED** that, upon receipt from plaintiff of the documents required for service of process, the Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon defendants Graham, Chuttey, Lt. Vasite, Connor, Greffin, Mannon, Cornell, Steinberg, Zeke, Venettozzi, and Gilmore.  The Clerk shall forward a copy of the summons and complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

---

[2] The following claims survived sua sponte review:  (1) the Eighth Amendment excessive force, sexual assault, and/or failure to protect claims against defendants Greffin, Chuttey, Mannon, Gilmore, Zeke, and Graham; (2) the Fourth Amendment unreasonable search claims against defendants Gilmore, Greffin, and Chuttey; (3) the Fourteenth Amendment due process claims against defendants Lt. Vasite, Graham, and Venettozzi arising from December 9, 2014 disciplinary hearing and appeals therefrom; (4) the First Amendment retaliation claims against defendants Chuttey, Greffin, Mannon, Gilmore, Connor, Steinberg, Cornell, and Lt. Vasite; and (5) the conspiracy claims against defendants Chuttey, Mannon, Greffin, Gilmore, and Lt. Vasite.  *See* April 2016 Order at 40.  In light of plaintiff's *Peralta* Waiver (Dkt. No. 7), the Fourteenth Amendment due process claims against defendants Lt. Vasite, Graham, and Venettozzi are limited to plaintiff's claims relating to his conditions of confinement.

**ORDERED** that a response to the claims in the complaint that survived sua sponte review be filed by the defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated:  April 22, 2016
        Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge

4