UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL ALLEN,

                              Plaintiff,

      v.                                                 9:16-CV-0047
                                                                    (GTS/ATB)

GRAHAM, et al.,

                              Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

Michael J. Allen
91-A-4771
Plaintiff, pro se
Attica Correctional Facility
Box 149
Attica, NY 14011

HON. ERIC T. SCHNEIDERMAN          AIMEE M. PAQUETTE, ESQ.
New York State Attorney General            Ass't Attorney General
Attorney for Represented Defendants
Syracuse Regional Office
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204-2465

ANDREW T. BAXTER
United States Magistrate Judge

# DECISION AND ORDER

Plaintiff Michael Allen commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights while he was incarcerated at Auburn Correctional Facility ("Auburn C.F."). Dkt. No. 1 ("Compl."). Presently before the Court is plaintiff's motion requesting sanctions against the now-former defense counsel, Attorney Kevin M. Hayden. Dkt. No. 38. Defendants oppose the motion. Dkt. No. 41.

Plaintiff alleges that Attorney Hayden sent the Court "a foreseeable falsified letter" dated June 27, 2016, stating that defendant Chuttey had not yet been served with process. Dkt. No. 38-1 at 3. On August 2, 2016, the U.S. Marshal notified plaintiff that defendant Chuttey "failed to respond to the Summons and Complaint." *Id*. Suspecting that Attorney Hayden was "lying to the court" about defendant Chuttey "not being served" and that he was "breaking the law by obstructing process for the purpose of tactical reasons", plaintiff asked his wife, Tonya Allen, to contact defendant Chuttey. *Id*. On August 23, 2016, plaintiff's wife called defendant Chuttey, representing herself to be Attorney Hayden's assistant. *Id*. at 4. Plaintiff states that he "was also on the phone listening in on the conversation." *Id*. Tonya Allen asked Chuttey if he had received the summons and complaint for inmate Allen's case, to which Chuttey allegedly stated "I sent the first summons to your office back in July and Mr. Hayden advised me to ignore the second summons." *Id*., *see also id*. at 12 ("Tonya Allen Affidavit"). Based upon Chuttey's alleged statement, plaintiff claims that "it's evident that attorney Mr. Kevin M. Hayden, knowingly and willful[ly] committed a Federal crime of 'obstructing process' for a potential tactical advantage by attempting to advise[d] defendant Chuttey, to evade service[ ]" in order to get this action dismissed for failure to serve. *Id*. at 4.[1] Plaintiff requests sanctions against Attorney Hayden pursuant to 28 U.S.C. § 1927. *Id.* Construing plaintiff's motion liberally, plaintiff may also seek sanctions against Attorney Hayden pursuant to Rule 11 of the Federal Rules of Civil Procedure based upon Hayden's allegedly false communications with the Court.

In opposition to the motion, defendants contend that plaintiff's August 29, 2016 letter

---

[1] Defendant Chuttey has been served and has filed an answer to the complaint. Dkt. Nos. 45, 47.

to Attorney Hayden "failed to specify what actions were taken by AAG Hayden that allegedly violated federal laws or ethical standards." Dkt. No. 41 at 4. Thus, defendants argue that "[p]laintiff failed to satisfy the 'safe harbor' provisions required under Federal Rule of Civil Procedure 11." Dkt. No. 41-3 at 4. Defendants also contend that plaintiff has not met his burden to entitle him to sanctions under 28 U.S.C. § 1927. Dkt. No. 41-3 at 4-6. Finally, Attorney Hayden has submitted his own Declaration denying that he had any conversation with defendant Chuttey regarding service of plaintiff's Summons and Complaint, and that he in no way attempted to obstruct or prevent defendant Chuttey from being served. Dkt. No. 41-2 at 1-3.

> Title 28 of the United States Code, Section 1927 provides as follows:
>
> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C.A. § 1927. The imposition of sanctions under § 1927 requires a "clear showing of bad faith." *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) (quoting *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1010 (2d Cir. 1986)). "[A]n award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Id*. Plaintiff presents his wife's statement as to what defendant Chuttey allegedly told her about his alleged conversation with Attorney Hayden. Attorney Hayden in turn denies ever having the alleged conversation with defendant Chuttey. Plaintiff has not met his burden of making a clear showing that Attorney Hayden acted in bad faith. Moreover, even if Attorney Hayden did have that conversation with defendant Chuttey, plaintiff's deception in conspiracy with his

3

wife also warrants denial of plaintiff's request for sanctions. *See Devils Films, Inc. v. Nectar Video*, No. 98 CIV 8016, 2000 WL 1201383, at *1 (S.D.N.Y. Aug. 23, 2000) ("The 'unclean hands' doctrine 'closes the door of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant.'") (denying party's request for sanctions under 28 U.S.C. § 1927 because "the Court will not aid and abet" the party's own misconduct) (citations omitted).

Construing plaintiff's motion liberally, plaintiff may also be seeking sanctions under Rule 11(a) of the Federal Rules of Civil Procedure.[2] Rule 11(a) requires that pleadings, motions, and other papers filed by a court be signed, either by an attorney of record or, if the party is unrepresented, by the pro se litigant. Fed. R. Civ. P. 11(a). By presenting such papers to the court, the attorney or party certifies, among other things, "that, to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). After notice and reasonable opportunity to respond, the court may impose an appropriate sanction for a violation of Rule 11(b). *See* Fed. R. Civ. P. 11(c).

Rule 11 requires that a motion for sanctions be served upon the offending party or counsel at least twenty-one days prior to its filing with the court. Fed. R. Civ. P. 11(c)(2); *see Perry v. Fischer*, No. 9:08-CV-0602, 2010 WL 1235611, at *4 (N.D.N.Y. Mar. 2, 2010) (Baxter, M.J.), report and recommendation *adopted by* 2010 WL 1235677 (Kahn, J.) (citing cases). This safe harbor provision is designed to provide the allegedly offending party with

---

[2] Plaintiff refers to Attorney Hayden's June 27, 2016 letter to the Court as a "foreseeable falsified letter" which "falsely claim[ed]" that the Attorney General's office was "still awaiting confirmation of service" upon defendant Chuttey. Dkt. No. 38-1 at 3.

4

the opportunity to cure the defect and avoid the imposition of sanctions by withdrawing or correcting the material at issue. *Perry*, 2010 WL 1235611, at *4.

In this case, plaintiff sent only a letter, dated August 29, 2016, to Attorney Hayden advising Hayden of plaintiff's intention to pursue a request for sanctions. *See* Dkt. No. 41-1 at 1. On September 22, 2016, the court received plaintiff's motion seeking the imposition of sanctions against Attorney Hayden; the motion is dated September 19, 2016. *Id*.

> The safe-harbor provision is a strict procedural requirement. *Perpetual Sec., Inc. v. Tang,* 290 F.3d 132, 142 n. 4 (2d Cir. 2002); *see also Hadges v. Yonkers Racing Corp.,* 48 F.3d 1320, 1327-29 (2d Cir. 1995). An informal warning in the form of a letter without service of a separate Rule 11 motion is not sufficient to trigger the 21-day safe harbor period. *L.B. Foster Co. v. Am. Piles, Inc.,* 138 F.3d 81, 89-90 (2d Cir. 1998) (request for sanctions in letter without separate service of motion did not comply with Rule 11's requirement that sanctions motion be made separately); *Gal v. Viacom Int'l, Inc.,* 403 F. Supp. 2d 294, 309 (S.D.N.Y. 2005) ("[T]he plain language of the rule states explicitly that service of the motion itself is required to begin the safe harbor clock—the rule says nothing about the use of letters."); *accord Roth v. Green,* 466 F.3d 1179, 1191–93 (10th Cir. 2006); *Gordon v. Unifund CCR Partners,* 345 F.3d 1028, 1029-30 (8th Cir. 2003); *Radcliffe v. Rainbow Constr. Co.,* 254 F.3d 772, 789 (9th Cir. 2001).

*Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175-76 (2d Cir. 2012). Plaintiff's letter, unaccompanied by a notice of motion, was not sufficient to trigger the twenty-one day safe harbor period. Thus, plaintiff's motion is subject to denial on this procedural basis alone.

Moreover, "Rule 11 and principles of due process require that 'the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense.'" *Star Mark Mgmt., Inc.*, 682 F.3d at 175-77 (quoting *Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d

323, 334 (2d Cir. 1999)). "'Indeed, only conduct explicitly referred to in the instrument providing notice is sanctionable.'" *Id.* (citation omitted); *accord Storey v. Cello Holdings, L.L.C.,* 347 F.3d 370, 389 (2d Cir. 2003). Plaintiff's letter did not provide "the specific conduct or omission for which the sanctions are being considered", making it impossible for Attorney Hayden to prepare a defense or to cure the alleged misconduct.

The Court has thoroughly reviewed the remainder of plaintiff's motion, together with defendants' response, and finds that plaintiff has presented no basis upon which relief may be granted. Accordingly, plaintiff's motion is denied in its entirety.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for sanctions (Dkt. No. 38) is **DENIED** in all respects; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on parties.

Dated: December 8, 2016

Hon. Andrew T. Baxter
U.S. Magistrate Judge